# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mohamed Sharif Abdullahi Sarane, | No. CV-26-01533-PHX-JCH (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. Doc. 1.

Petitioner is a native and citizen of Somalia. *Id.* ¶ 1. Petitioner entered the United States without admission or inspection on November 4, 2022. *Id.* ¶ 3. Petitioner filed an asylum application on February 25, 2023, and was taken into immigration custody while the application was still pending. *Id.* Petitioner is currently in custody at the ICE detention center in Florence, Arizona. *Id.* ¶ 6. On February 11, 2026, Petitioner had a bond redetermination hearing before an immigration judge (IJ). *Id.* ¶ 21. The IJ found there was no jurisdiction to set a bond, citing *In re Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) for the proposition that, under 8 U.S.C. § 1225(b)(2)(A), the immigration court lacked the authority to hear the bond request. *See* Doc. 1-1 at 7.

Another judge in this district has determined that § 1226(a), not § 1225(b), applies where an alien entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. *Echevarria v.*

*Bondi*, 2025 WL 2821282 (D. Ariz. 2025).

Further, a district court in the Central District of California recently certified a class of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *26–27 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* Court entered judgment under Rule 54(b) declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Document 94 (C.D. Cal. Dec. 18, 2025). Most recently, on February 18, 2026, the *Bautista* court granted the class members' Motion to Enforce Judgment, and vacated the BIA's ruling in *In Re Hurtado*, 29 I&N Dec. 216 (BIA 2025) as contrary to law under the Administrative Procedure Act. *Bautista v. Santacruz*, --- F.Supp.3d ----, 2026 WL 468284, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. February 18, 2026).[1]

Based on prior decisions in the District of Arizona and judgment in *Bautista*, Respondents must show cause as to why the Petition should not be granted and the Court should not order Petitioner be released or provided a bond hearing under 8 U.S.C. § 1226(a). Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

---

[1] The Court is also aware of the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which adopted the minority position regarding whether unadmitted applicants for admission apprehended within the United States are subject to mandatory detention under Section 1225. But that decision does not persuade the Court that its interpretation is incorrect, nor does it undermine the conclusion reached in *Bautista*, which has not been disturbed on appeal.

Accordingly,

**IT IS ORDERED:**

(1) Counsel for Petitioner must immediately serve the Petition (Doc. 1) on Respondents.

(2) If not already issued, the Clerk of Court must issue any properly completed summonses.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4) Respondents must show cause no later than **March 16, 2026**, why the Petition should not be granted.

(5) Petitioner may file a reply no later than **March 19, 2026**.

Dated this 6th day of March, 2026.

_____
John C. Hinderaker
United States District Judge